The Chief Justice
delivered the opinion of the court.
The only question in this case is, can the defendant, in *251 an action of ejectment, defeat the recovery of the plaintiff, by shewing a grant from the commonwealth to a stranger, elder than that under which the lessor of the plaintiff derives title?
Adferdant mayJ~defend himself by shewing an standing °patent for tóe
p. Ilordm for appellant.
The court below decided the question in the affirmative; and we have no hesitation in affirming the df cisión to be correct. That there cannot, at the same time, be two or more adverse rights of entry to the same land, is a proposition which is intuitively evident, and which neither admits nor requires proof to support it; and it is a point no less incontrovertible, that the elder grant transfers to the grantee a right of entry. If, therefore, there be, a grant to a stranger, elder than that under which the lessor of the plaintiff derives title, it results, as an inevitable consequence, that he cannot have a right of entry, and without a right of entry he cannot recover in an action of ejectment. Whether the defendant holds under the elder grant or not, can make ho difference, for it is a settled doctrine, that the lessor of the plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of his adversary’s.
The judgment must be affirmed with cost.